UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAM HORNE,

                Plaintiff,        CASE NUMBERS: 10-15073
                                  HONORABLE VICTORIA A. ROBERTS

v.

CITY OF DETROIT,

                Defendant.
_____/

**ORDER**

I.     INTRODUCTION and BACKGROUND

Adam Horne, a former Detroit police officer, alleges that the City of Detroit (the "City"), violated the Americans with Disabilities Act ("ADA") by firing him because he was disabled. The City says it fired Horne because his conduct, which resulted in a criminal conviction, was unbecoming of an officer.

On December 24, 2007, Horne shot eight rounds into his wife's lover's house with an assault rifle. The City immediately suspended him with pay; it later reinstated him. This shooting resulted in Horne's fifth disciplinary infraction imposed by the City. On April 11, 2008, as part of a plea agreement, Horne pleaded guilty to Reckless Use of a Firearm in exchange for one year probation.

On April 17, 2009, the state district court dismissed the charge under M.C.L. § 771.1, Michigan's delayed sentencing statute. The statute says if a defendant is placed on "probation, the court may delay sentencing the defendant for not more than 1 year to

give the defendant an opportunity to prove to the court his or her eligibility for probation or other leniency compatible with the ends of justice . . . ." M.C.L. § 771.1.

Following the conviction, the City filed four disciplinary charges against Horne and scheduled a hearing before a trial board. It is undisputed that it is a violation of police policy for an officer to be convicted of any criminal offense other than a traffic violation. The filing also says that Horne violated police policy "when he produced an AR-15 rifle from the trunk of his vehicle and discharged eight (8) rounds into a residence."

Before the conviction was dismissed, Horne appeared before a trial board and pled guilty to all four charges. He testified that he was depressed at the time of the shooting, that he sought treatment, and was no longer depressed. The trial board accepted Horne's guilty plea and recommended that he be terminated. The City accepted the trial board's recommendation and terminated Horne on April 10, 2009.

Horne appealed. An arbitrator upheld the City's decision even though by then, the criminal charge against Horne was dismissed.

On February 2, 2010, Horne filed this suit alleging the City fired him because of his mild depression. The City filed a motion for summary judgment.

The City's motion is **GRANTED**; there are no genuine issues of fact in dispute; the Court finds as a matter of law Horne was fired because of illegal conduct.

## II.    STANDARD OF REVIEW

The Court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986).  On a motion for summary judgment, the facts must be viewed in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A fact is material for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

## III. ANALYSIS

### 1. Wrongful Termination

The ADA bars employers from "discriminat[ing] against a qualified individual with a disability because of the disability of such individual in regard to . . . discharge of employees. . . ." 42 U.S.C. § 12112(a).

To establish a *prima facie* case for wrongful termination under the ADA a plaintiff must show:

> 1) he or she is disabled; 2) otherwise qualified for the position, with or without reasonable accommodation; 3) suffered an adverse employment decision; 4) the employer knew or had reason to know of the plaintiff's disability; and 5) the position remained open while the employer sought other applicants or the disabled individual was replaced.

*Neview*, 382 Fed. Appx. at 458 (quoting *Hopkins County Sch. Bd. of Educ.*, 484 F.3d at 365).

The City says Horne cannot establish a *prima facie* claim because he was not disabled; even if he were, the City says it did not fire him because of it.

3

*Assuming arguendo* that Horne was disabled, the City did not know of a disability when it fired him.  At his disciplinary hearing on March 9, 2009 Horne explains his actions on December 24, 2007 by saying that he was depressed then; but that "I hope to be able to serve as a police officer again . . . I'm doing better.  I'm not depressed any more.  I have a new outlook on life."  The City could not have fired Horne because of disability if it did not know Horne was disabled.

Even if Horne could establish a *prima facie* case, the City would be entitled to summary judgment because it had a legitimate non-discriminatory reason for Horne's termination: his conduct was unbecoming an officer.

If an employer provides a non-discriminatory reason for terminating an employee, an employee may not recover unless he can show that the employer's reason is pretextual.  *MacDonald Douglas, Corp. v. Green*, 411 U.S. 792 (1963).  A plaintiff can demonstrate pretext by showing that the employer's proffered reason:

> (1)  has no basis in fact, (2) did not actually motivate the defendant's challenged  conduct, or (3) was insufficient to warrant the challenged conduct." Dews v. A.B. Dick Co., 231 F.3d 1016, 1021 (6th Cir. 2000). The "plaintiff  must produce sufficient ev   idence  from which the j    ury   could reasonably reject [the defendants'] explanation and infer that the defendants ... did not honestly believe in the pro ffered nondiscriminatory reason for its adverse employment action.

*Mickey v. Zeidler Tool and Die Co.*, 516 F.3d 516, 526 (6th Cir. 2008) (quoting *Braithwaite v. Timken Co.*, 258 F.3d 488, 493-94 (6th Cir. 2001)).

It is undisputed that a criminal conviction is a valid ground for termination.  It is also undisputed that Horne was a convicted criminal because of the shooting when the trial board recommended that he be terminated.   Horne pled guilty on April, 2008.  He admitted to the same at the disciplinary proceedings in March, 2009, when he pled

4

guilty again. The City accepted the trial board's recommendation on April 10, 2009.

Horne says that because his guilty plea was dismissed on April 17, 2009 -- after the City accepted the trial board's decision to fire him, but before he appeared before the arbitrator -- the arbitrator erred in sustaining his termination.

Horne is mistaken. The City charged Horne with four violations and he pled guilty to all four; only one was contingent on Horne's criminal conviction. Furthermore, Horne points to no policy that says a later dismissal of a guilty plea warrants reinstatement, especially after he admitted guilt to the trial board.

Independent of Horne's conviction, the City's articulated reason for termination is sound, not pretextual, and warrants termination. Horne testified at the trial board hearing that he stalked his wife to find out where her lover lived. When the man arrived home, Horne began shooting. The trial board said: "On this particular day he took that AR-15 -- we are not talking about a Glock, but an AR-15 assault rifle -- and fired not one round but eight rounds into a dwelling on Christmas Eve . . . on Christmas Eve most people are at home. Homes are occupied, and he fired an AR-15 into a house. Those bullets could have ricocheted. Those bullets could have gone through and through. . . This is an officer that should not be in this Department . . . ." Horne endangered the safety of the people he took an oath to protect when he randomly shot eight rounds into a citizen's home.

In conclusory fashion, Horne says that his termination is pretext for disability discrimination. As proof, he provides a document that shows a police officer was convicted of operating a vehicle while impaired in January of 2008 after crashing his patrol car. Horne says the officer was not terminated. Additionally, Horne says, at the

5

time of his termination, twenty-one officers served at "no-gun status" for the City. But, Horne fails to connect this to, or otherwise show, pretext.

There is no evidence that either the officer convicted of operating a vehicle while impaired or the officers on "no gun status" was similarly situated to Horne. Horne's record is replete with disciplinary action both before and after the shooting. His disrespect and disregard for the City's policies and citizens is not matched by any evidence he provides to the Court on so-called "similarly situated" employees.

Horne's actions motivated and warranted his termination; there is no ADA violation.

The City's motion for summary judgment on Horne's wrongful termination claim is granted.

### 2. Failure to Accommodate

To the extent Horne says the City failed to accommodate his disability, he is wrong. While the ADA defines "discrimination" to include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability" 42 U.S.C. § 12112(b)(5)(A), to establish a *prima facie* case for failure to accommodate under the ADA, a plaintiff must show that:

> (1) []he is disabled within the meaning of the Act; (2) []he is otherwise qualified for the position, with or without reasonable accommodation; (3) h[is] employer knew or had reason to know about her disability; (4) []he requested an accommodation; and (5) the employer failed to provide the necessary accommodation.

*Johnson v. Cleveland City School District*, 443 Fed.Appx. 974, 982-983 (6th Cir. 2011), citing *DiCarlo v. Potter*, 358 F.3d 408, 419 (6th Cir. 2004).

There is no evidence that Horne requested an accommodation. *Walsh v. United*

*Parcel Serv.*, 201 F.3d 718, 726 n. 3 (6th Cir.2000) (citing *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173 n. 10 (6th Cir. 1996) (it is the employee's duty to propose an accommodation that is objectively reasonable to his employer).

Horne did not tell the City he was disabled; in fact, he told the trial board he was not disabled. There can be no failure to accommodate an employee who has no disability.

This claim is dismissed.

### IV. CONCLUSION

The City's motion is **GRANTED**.

**IT IS ORDERED.**

　　　　　　　　　　　　　　　　　　　　 /s/ Victoria A. Roberts
　　　　　　　　　　　　　　　　　　　　Victoria A. Roberts
　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: April 4, 2013

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 4, 2013.<br><br>S/Linda Vertriest<br>Deputy Clerk |